UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RUTZ, an individual, and TINA RUTZ, an individual,<br><br>        Plaintiff,<br>    vs.<br><br>EDUCATION CREDIT MANAGEMENT CORPORATION, d/b/a ECMC; and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No.11-CV-1421-JM-NLS<br><br>**ORDER GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**<br><br>Docket No. 10 |

1    Plaintiffs Kevin and Tina Rutz filed a complaint against Educational Credit Management Corporation ("ECMC," erroneously sued as "Education Credit Management Corporation") on June 28, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and several state laws based on ECMC's attempts to recover outstanding student loans.  ECMC now moves to dismiss all claims or, in the alternative, for summary judgment.  Because Plaintiffs have no valid FDCPA claims and only state law claims remain, the motion is GRANTED.

I. BACKGROUND

A. Facts and Legal Claims

According to the First Amended Complaint ("FAC"), Plaintiff Tina Rutz took out five loans during the 1980s.  FAC ¶ 15.  She married Kevin Rutz in 1991; according to the law as stated by Plaintiffs, Kevin's earnings "were not liable for the debts."  ¶ 18.  At some point, ECMC "intercepted Plaintiffs' tax refunds to satisfy the debt; which also included money due to Kevin Rutz."  ¶ 20.

The FAC states that ECMC failed to provide notices required by law.  ¶ 21.  It further alleges that despite receiving a letter from Plaintiffs' counsel, ECMC illegally continued to contact Plaintiffs to attempt to collect on the debt.  ¶¶ 22-33.  Plaintiffs claim that as a result they suffered emotional distress.  ¶ 34.

Plaintiffs state six causes of action.  First, Plaintiff Kevin alleges that ECMC violated the FDCPA by contacting him even though he was represented by an attorney.[1]  He also alleges that ECMC failed to disclose its identity.  The five remaining causes of action are all based in state law and include claims for:   (1) violation of the Rosenthal Act; (2) conversion; (3) negligence; (4) violation of Cal. Bus. & Prof. Code §17200; and (5) unjust enrichment.

---

[1] The first complaint alleged an FDCPA violation on behalf of both Plaintiffs.  Plaintiff Tina was dropped from the FDCPA claim after Defendant's original motion to dismiss was filed.

2

**B. The Role of ECMC**

ECMC is an entity called a guaranty agency that was created as a part of the Federal Family Education Loan Program ("FFELP"), which was established by the Higher Education Act. Rowe v. Educational Credit Management Corp., 559 F.3d 1028, 1030 (9th Cir. 2009). Under the program, lenders make guaranteed loans to help students finance their education. The loans are guaranteed by guaranty agencies and reinsured by the Department of Education. If a default occurs, the guaranty agency pays the lender the balance, and then must act according to federal regulations in order to attempt to recover the debt before the DOE reimburses the agency for the loss. Id.

**C. The FDCPA**

The FDCPA was passed to prevent abusive debt collection practices. Generally it applies to debt collectors (rather than creditors), who are defined in 15 U.S.C. §1692a as those who collect or attempt to collect a debt owed to another entity. There are several exceptions to the definition of "debt collector"; for the purposes of this case, the most important one is the provision that excepts those collecting a debt pursuant to a bona fide fiduciary obligation. 15 U.S.C. §1692a(6)(F).

**II. LEGAL STANDARD AND DISCUSSION**

**A. The FDCPA Claim**

To succeed on the FDCPA claim, Plaintiff Kevin must be able to establish that ECMC meets the definition of a debt collector under 15 U.S.C. §1692a and does not fall within one of the statutory exceptions. ECMC argues that it is not a debt collector, and that even if it met the general definition of a debt collector, it is shielded from liability by the fiduciary obligation exception in §1692a(6)(F). Plaintiffs disagree, arguing that because ECMC confiscated a tax refund that contained Kevin's earnings (and Kevin owed them no debt), Kevin is able to recover under the FDCPA. Based on this, Plaintiffs make two specific arguments: first, they assert that

because ECMC was not attempting to collect a valid debt, ECMC should be considered a debt collector rather than a creditor under the law. Furthermore, they maintain that ECMC's attempted debt collection from Plaintiff Kevin does not fall under the fiduciary obligation exception for debt collectors described above. Neither of these arguments has merit.

<u>1. Whether ECMC is a Creditor or a Debt Collector</u>

ECMC can only be liable under the FDCPA if it is deemed a "debt collector" under the Act. <u>Rowe</u>, 559 F.3d at 1031; 15 U.S.C. §1692a(6). Under the law, a debt collector is: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." ECMC argues that it is not a debt collector, but a creditor under §1692a(4) because it collects from debtors on behalf of itself rather than "another". As a guarantor, ECMC has assumed the debt pursuant to the law, and not solely for collection purposes. <u>Rowe v. ECMC</u>, 730 F.Supp.2d 1285, 1289 (D. Or. 2010) ("ECMC collected from Rowe on behalf of itself as a guarantor of the loan in default. Thus, even beyond the fiduciary exception, ECMC does not fall under the definition of a debt collector with respect to the loans at issue.").

As stated above, Plaintiffs' opposition relies solely on the fact that Kevin Rutz never owed a debt. It states that ECMC could not have been a creditor because Kevin Rutz owed no money. Plaintiffs go on to argue that "debt" is defined as "any obligation or alleged obligation" under the Act, 15 U.S.C. §1692a(5), and cite cases that show that plaintiffs may bring FDCPA claims even when no debt actually existed.

While it is true that ECMC could be held liable for pursuing a nonexistent debt, that fact in no way establishes that it can be characterized a debt collector. Under the law, a debt collector by definition must be pursuing debts of another entity. Even if the debt was nonexistent, and therefore only an "alleged obligation," there is no allegation that the nonexistent debt was

alleged to be owed to a third party. Because they have failed to show that ECMC can be considered a debt collector, Plaintiffs' FDCPA claim fails.

2. The Fiduciary Obligation Exception

Even if ECMC could be considered a debt collector under the Act, the fiduciary exception in §1692a(6)(F) would preclude liability. That subsection excepts "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity [] is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement."

ECMC points to the fact that several courts have held ECMC is a "guaranty agency," which is required by the federal government to perform certain functions as a guarantor of loans. E.g. Rowe, 559 F.3d at 1032. The Ninth Circuit in Rowe held that ECMC is generally a guaranty agency and thus it had a fiduciary obligation to the United States, but the more difficult question was whether its fiduciary obligations in that case were "incidental to" the obligation in question.[2]

Here, Plaintiffs argue only that §1692a(6)(F) cannot apply because there was no "debt owed or due or asserted to be owed or due." Defendant replies that regardless of whether Kevin owed a debt, it is undisputed that its actions were part of an attempt to fulfill its bona fide fiduciary obligation. Neither party has submitted a case that decides whether a guaranty agency's attempt to recover from the wrong person should qualify under the fiduciary exception.

Once again, Plaintiffs' reliance on the fact that there was no debt owed fails to establish that the FDCA applies. Foremost, Plaintiffs' argument concerning the fiduciary exception conflicts with its argument regarding the definition of a "debt collector" discussed in Section

---

[2] In Rowe, the court remanded because the complaint seemed to allege that ECMC had acted solely as a collection agent rather than a guarantor. On remand, the district court granted summary judgment after discovery showed that ECMC had indeed assumed guarantor obligations because the Department of Education terminated the status of the original guarantor. Rowe v. ECMC, 730 F.Supp.2d 1285, 1289 (D. Or. 2010).

II.A.1., supra.  If, as Plaintiffs argue, §1692a(6)(F) does not apply because there was no actual debt owed or asserted to be owed by Kevin Rutz, §1692a(6)'s definition of "debt collector" would likewise exclude ECMC—like the fiduciary exception subsection, the definition of debt collector applies only to an entity that "collects or attempts to collect . . . debts owed or due or asserted to be owed or due another."

**B. Dismissal of State Law Claims**

Because the FDCPA claim has been dismissed, there are no remaining federal claims. Plaintiffs have not asserted existence of diversity jurisdiction.  Under 28 U.S.C. §1367(c)(3), the court has discretion to dismiss or retain the remaining state law claims.  Lacey v. Maricopa County, 649 F.3d 1118, 1137 (9th Cir. 2011); Schneider v. TRW, Inc., 938 F.2d 986 (9th Cir. 1991).

In making its decision, the court should consider judicial economy, convenience, fairness, and comity.  Normally, these considerations "will point toward declining to exercise jurisdiction over the remaining state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).  Here, there is no substantial factor weighing in favor of retaining jurisdiction.  The court has not yet expended extensive energy or resources on this case and the parties have not raised any reason to retain jurisdiction.   Thus, there seems to be no compelling reason that the federal court should hear five state law claims, including one based on a California law that specifically pertains to debt collection.  Comity concerns dictate that these claims should be heard in state court.

**III. CONCLUSION**

Plaintiffs have failed to state a claim under the FDCPA, and the court declines to exercise jurisdiction over the remaining state law claims.  For that reason, ECMC's motion to dismiss, or, in the alternative, for summary judgment, is GRANTED.  Plaintiffs' request for

leave to amend is DENIED because it is clear that no claim exists under the FDCPA.  The Clerk is instructed to close the case file.

**IT IS SO ORDERED.**

DATED: January 9, 2012

                                                _____
**Jeffrey T. Miller**
United States District Judge